FILED
2026 OCT 22 AM 9:42
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH,**
**CENTRAL DIVISION**

# PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE THRESHOLD RULINGS (ECF NOS. 2, 4, AND 5), DIRECT IMMEDIATE ISSUANCE AND UNITED STATES MARSHALS SERVICE EXECUTION OF PRE-LODGED SUMMONSES (ECF NO. 7), AND TOLL RULE 4(M) SERVICE PERIOD NUNC PRO TUNC

**CASE NO.:** 2:26-cv-00852-HCN-CMR
**JUDGE:** Howard C. Nielson, Jr.
**MAGISTRATE JUDGE:** Cecilia M. Romero
**DOC ID:** 1022-JES-V-FOX-EMERG-MOT-EXP-SERV-2026
**DATE:** October 22, 2026

**JOHN EARLE SULLIVAN,**
*Plaintiff,*
v.
**FOX NEWS NETWORK, LLC,**
**d/b/a FOX NEWS CHANNEL,**
*a Delaware limited liability company,*
*Defendant;*
and
**FOX CORPORATION,**
*a Delaware corporation,*
*Defendant;*
and
**PORTER BERRY,**
*in his individual and corporate capacity,*
*Defendant;*
and
**SHANNON BREAM,**
*in her individual and corporate capacity,*
*Defendant;*
and
**KEVIN CORKE,**
*in his individual and corporate capacity,*
*Defendant;*
and
**SEAN HANNITY,**
*in his individual and corporate capacity,*
*Defendant;*
and
**TUCKER CARLSON,**
*in his individual and corporate capacity,*
*Defendant;*
and
**LAURA INGRAHAM,**
*in her individual and corporate capacity,*
*Defendant;*
and
**JOHN ROBERTS,**
*in his individual and corporate capacity,*
*Defendant;*
and
**YAEL HALON,**
*in her individual and corporate capacity,*
*Defendant;*
and
**DANIELLE WALLACE,**
*in her individual and corporate capacity,*
*Defendant;*
and
**MICHAEL RUIZ,**
*in his individual and corporate capacity,*
*Defendant.*

**IN THE CIVIL ACTION**

# TABLE OF CONTENTS


**Table Of Authorities** . . . 3

*RELIEF SOUGHT AND GROUNDS THEREFOR (DUCIVR 7-1(A)(1)(A))* . . . 5

*RELEVANT FACTS, 38-DAY PRE-SCREENING STASIS, AND ASYMMETRIC ACTUAL-NOTICE PREJUDICE* . . . 7

*VERIFIED CHRONOLOGICAL DOCKET RECORD AND 38-DAY PRE-SCREENING STASIS UNDER DUCIVR 3-2(C)(1)* . . . 7

*PRE-SUIT NOTICES, NATIONAL BLOOMBERG LAW PUBLICATION (EXHIBIT 967), AND ASYMMETRIC PREJUDICE* . . . 7

*PLAINTIFF UNDISPUTEDLY SATISFIES STATUTORY INDIGENCE UNDER 28 U.S.C. § 1915(A)(1) AND DUCIVR 3-2(A)(1)(A) AND ALL THREE SCREENING PRONGS OF 28 U.S.C. § 1915(E)(2)(B) AND DUCIVR 3-2(B)(1)* . . . 10

*TURNKEY FINANCIAL INDIGENCE QUALIFICATION UNDER 28 U.S.C. § 1915(A)(1), DUCIVR 3-2(A)(1)(A), AND ADKINS V. E.I. DUPONT DE NEMOURS & CO.* . . . 10

*TURNKEY SATISFACTION OF ALL THREE SCREENING PRONGS UNDER 28 U.S.C. § 1915(E)(2)(B)(I)–(III) AND DUCIVR 3-2(B)(1)(A)–(E)* . . . 11

*MANDATORY ISSUANCE AND USMS SERVICE OF PRE-LODGED SUMMONSES (ECF NO. 7), ELECTRONIC FILING ACCESS (ECF NO. 5), AND MANDATORY RULE 4(M) GOOD-CAUSE TOLLING* . . . 13

*DISJUNCTIVE AUTHORITY UNDER DUCIVR 3-2(C)(2) AND BUCHHEIT V. GREEN TO ORDER IMMEDIATE SUMMONS ISSUANCE AND MANDATORY USMS SERVICE UNDER 28 U.S.C. § 1915(D) AND FED. R. CIV. P. 4(C)(3)* . . . 13

*GOOD CAUSE FOR EXPEDITED RELIEF UNDER FED. R. CIV. P. 1, 26(D)(1), AND 37(E) AND AUTHORIZATION OF CM/ECF ELECTRONIC FILING (ECF NO. 5)* . . . 15

*MANDATORY NUNC PRO TUNC TOLLING AND EXTENSION OF THE FED. R. CIV. P. 4(M) SERVICE PERIOD* . . . 16

**Conclusion And Prayer For Relief** . . . 18

**Certificate Of Compliance With Ducivr 7-1(A)(4)(D)** . . . 19

*VERIFICATION UNDER 28 U.S.C. § 1746* . . . 20

**Certificate Of Service** . . . 21

**Addendums** . . . 23

**Index Of Appended Enclosures** . . . 27

# TABLE OF AUTHORITIES

## CONSTITUTIONAL PROVISIONS & STATUTORY CODES


1. 17 U.S.C. § 106 . . . . . 11, 12
2. 28 U.S.C. § 1746 . . . . . 10, 20
3. 28 U.S.C. § 1915(a)(1), (d), (e)(2)(B) . . . . . *passim*
4. 28 U.S.C. § 636(b)(1)(A)–(B) . . . . . 6, 7
5. 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), 1367(a) . . . . . 12


## COURT RULES, ADMINISTRATIVE REGULATIONS & POLICY MANUALS


1. DUCivR 3-2(a)–(c) . . . . . *passim*
2. DUCivR 5-1(b)(2) . . . . . 5, 16, 18, 21
3. DUCivR 7-1(a)(1), (a)(4)(D), (a)(6) . . . . . 19
4. Fed. R. Civ. P. 1 . . . . . 6, 9, 15, 20
5. Fed. R. Civ. P. 11(b) . . . . . 6, 9, 15, 20
6. Fed. R. Civ. P. 12(a)(1)(A)(i) . . . . . 6, 9, 15, 20
7. Fed. R. Civ. P. 26(d)(1) . . . . . 9
8. Fed. R. Civ. P. 37(e) . . . . . 16
9. Fed. R. Civ. P. 4(b), 4(c)(3), 4(e), 4(h)(1), 4(m) . . . . . 6
10. Fed. R. Civ. P. 5(d)(3)(B)(i) . . . . . 6, 16, 18


## JUDICIAL PRECEDENTS & CASE LAW


1. *Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948)* . . . . . 11
2. *Arce-Arias v. Noem, No. 2:25-cv-00938-JCB, ECF No. 9 at 1 (D. Utah Oct. 22, 2025)* . . . . . 13
3. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* . . . . . 12
4. *Atherton v. Salt Lake City Library, No. 2:19-cv-00452-CW-DBP, ECF No. 50 at 3 (D. Utah Oct. 24, 2022)* . . . . . 17
5. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)* . . . . . 12
6. *Biers v. Dentons US LLP, No. 2:22-cv-00298-HCN-CMR, ECF No. 19 at 2–3 (D. Utah Oct. 19, 2022)* . . . . . 15
7. *Buchheit v. Green, 705 F.3d 1157, 1160–61 (10th Cir. 2012)* . . . . . 14
8. *Denton v. Hernandez, 504 U.S. 25, 32–33 (1992)* . . . . . 12
9. *Dominguez v. Radiologic P.L., No. 26-22405-CIV-D'ANGELO, ECF No. 26 at 1–2 (S.D. Fla. May 19, 2026)* . . . . . 14
10. *Drockton v. Rain International, LLC, No. 2:20-cv-00148-DBB-JCB, ECF No. 9 at 1–2 (D. Utah June 17, 2020)* . . . . . 15
11. *Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)* . . . . . 17
12. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 299 (2019)* . . . . . 12
13. *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)* . . . . . 12
14. *Hernandez v. Kolkman, No. 2:24-cv-00757-RJS-CMR, ECF No. 100 at 1 (D. Utah Dec. 9, 2025)* . . . . . 16
15. *Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990)* . . . . . 16

*16. Labrecque v. Mabus, No. 2:14-cv-00802-DB-PMW, ECF No. 88 at 2 (D. Utah Jan. 26, 2017)* . . . . . . . . . . . . 14

*17. Lister v. Department of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)* . . . . . . . . . . . . . . . . . . . . . . . . 11

*18. McFarlin v. Box Elder County, No. 1:18-cv-00105-DAK-CMR, ECF No. 46 at 1–2 (D. Utah Apr. 10, 2020)* . . . . . 17

*19. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999)* . . . . . . . . . . . . . . . . . . . . . 9

*20. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*21. Olsen v. Mapes, 333 F.3d 1199, 1204–05 & n.4 (10th Cir. 2003)* . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

*22. Seppich v. TEC Management Consultants, Inc., No. 2:21-cv-00350-JNP-DBP, ECF No. 26 at 1–2 (D. Utah May 9, 2022)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*23. Silver v. Fairbank, No. 2:22-cv-00490-DAK-CMR, ECF No. 8 at 1–2 (D. Utah Aug. 2, 2022)* . . . . . . . . . . . . . 15

*24. United States v. Southern Utah Drag Stars, LLC, No. 4:23-cv-00044-DN-PK, ECF No. 25 at 1 (D. Utah June 8, 2023)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**John Earle Sullivan**
1221 West Erda Way
Erda, UT 84074
**Phone:** (435) 841-7258
**Email:** johne.sullivan@outlook.com
Plaintiff Pro Se

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **JOHN EARLE SULLIVAN,**<br>*Plaintiff,*<br>**v.**<br>**FOX NEWS NETWORK, LLC,**<br>*d/b/a FOX NEWS CHANNEL,*<br>*a Delaware limited liability company (Defendant);*<br>*and*<br>**FOX CORPORATION,**<br>*a Delaware corporation (Defendant);*<br>*and*<br>**PORTER BERRY; KEVIN CORKE; SEAN HANNITY; TUCKER CARLSON; JOHN ROBERTS; and MICHAEL RUIZ,**<br>*each in his individual and corporate capacity (Defendants);*<br>*and*<br>**SHANNON BREAM; LAURA INGRAHAM; YAEL HALON; and DANIELLE WALLACE,**<br>*each in her individual and corporate capacity (Defendants).* | **PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE THRESHOLD RULINGS (ECF NOS. 2, 4, AND 5), DIRECT IMMEDIATE ISSUANCE AND UNITED STATES MARSHALS SERVICE EXECUTION OF PRE-LODGED SUMMONSES (ECF NO. 7), AND TOLL RULE 4(M) SERVICE PERIOD NUNC PRO TUNC**<br><br>**CASE NO.: 2:26-cv-00852-HCN-CMR**<br><br>**JUDGE: Howard C. Nielson, Jr**<br><br>**MAGISTRATE JUDGE: Cecilia M. Romero**<br><br>**DOC ID: 1022-JES-V-FOX-EMERG-MOT-EXP-SERV-2026**<br><br>**DATE: OCTOBER 22, 2026** |

# PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE THRESHOLD RULINGS (ECF NOS. 2, 4, AND 5), DIRECT IMMEDIATE ISSUANCE AND UNITED STATES MARSHALS SERVICE EXECUTION OF PRE-LODGED SUMMONSES (ECF NO. 7), AND TOLL RULE 4(M) SERVICE PERIOD NUNC PRO TUNC

## RELIEF SOUGHT AND GROUNDS THEREFOR (DUCIVR 7-1(A)(1)(A))

Plaintiff John Earle Sullivan respectfully moves this Court under DUCivR 7-1(a)(1), (a)(4)(D), and (a)(6)[1] for an emergency order executing the non-discretionary commands of federal procedure. Specifically, Plaintiff requests that this Court: (1) grant Plaintiff leave to proceed *in forma pauperis* pursuant to DUCivR 3-2(a)-(c)[2] (ECF No. 2); (2) authorize CM/ECF electronic filing access under DUCivR 5-1(b)(2)[3] (ECF No. 5); (3)

[1] DUCivR 7-1(a)(1), (a)(4)(D), (a)(6) (ADDENDUM B).
[2] DUCivR 3-2(a)-(c) (ADDENDUM C).
[3] DUCivR 5-1(b)(2) (ADDENDUM C).

exercise referred pretrial jurisdiction under 28 U.S.C. § 636(b)(1)(A)-(B)[4] to conclude pre-service screening of Plaintiff's *Verified Complaint* (ECF No. 1) and authorize process execution pursuant to 28 U.S.C. § 1915(a)(1), (d), and (e)(2)(B);[5] (4) enforce the mandate of Fed. R. Civ. P. 1[6] to secure the just, speedy, and inexpensive determination of this action by terminating an acute 38-day administrative stasis; (5) command the Clerk of Court under Fed. R. Civ. P. 4(b), 4(c)(3), 4(e), 4(h)(1), and 4(m)[7] to sign, seal, and issue the twelve (12) pre-lodged Form AO 440 Summonses (comprising ECF No. 7 main document and Attachments #1-#11), transmit them with the twelve (12) Form USM-285 Process Receipts (Attachments #12-#23)-totaling twenty-four (24) pre-lodged service instruments (12 summonses + 12 USM-285s = 24 instruments)-and ECF No. 1 to the United States Marshals Service (USMS) for expedited execution upon all twelve (12) Defendants, and equitably toll the service period *nunc pro tunc* through the date of formal summons issuance; and (6) direct the authorization of electronic filing privileges pursuant to Fed. R. Civ. P. 5(d)(3)(B)(i).[8]

---

[4] 28 U.S.C. § 636(b)(1)(A)-(B) (ADDENDUM E).
[5] 28 U.S.C. § 1915(a)(1), (d), (e)(2)(B) (ADDENDUM D).
[6] Fed. R. Civ. P. 1 (ADDENDUM G).
[7] Fed. R. Civ. P. 4(b), 4(c)(3), 4(e), 4(h)(1), 4(m) (ADDENDUM G).
[8] Fed. R. Civ. P. 5(d)(3)(B)(i) (ADDENDUM G).

## RELEVANT FACTS, 38-DAY PRE-SCREENING STASIS, AND ASYMMETRIC ACTUAL-NOTICE PREJUDICE

### VERIFIED CHRONOLOGICAL DOCKET RECORD AND 38-DAY PRE-SCREENING STASIS UNDER DUCIVR 3-2(C)(1)

The verified CM/ECF docket record (*Certified Civil Docket as of October 21, 2026*) establishes an unbroken chronology: Plaintiff initiated this action on September 14, 2026, concurrently filing ECF Nos. 1-7. On September 15, 2026, following entry of ECF Nos. 8-9, the Clerk assigned this action (ECF No. 10) to the Honorable Howard C. Nielson, Jr. and referred pretrial proceedings to Chief Magistrate Judge Cecilia M. Romero pursuant to 28 U.S.C. § 636(b)(1)(B), with Judge Nielson entering his Standing Order (ECF No. 11) on September 16, 2026. For **38 consecutive calendar days**-consuming **42.2%** of the 90-day service window under Fed. R. Civ. P. 4(m) expiring December 14, 2026-Plaintiff's threshold motions (ECF Nos. 2, 4, and 5) have remained pending without disposition, while twenty-four (24) service instruments (ECF No. 7) remain sequestered in unissued DOCUMENTS LODGED stasis under DUCivR 3-2(c)(1).

### PRE-SUIT NOTICES, NATIONAL BLOOMBERG LAW PUBLICATION (EXHIBIT 967), AND ASYMMETRIC PREJUDICE

Following formal transmittal of pre-suit copyright infringement, DMCA removal, and defamation notices incorporating comprehensive ESI preservation directives on August 8 and August 25, 2026, Plaintiff initiated this action on September 14, 2026 (ECF Nos. 1-7). Less than 25 hours thereafter, on **September 15, 2026 at 1:14 PM MDT**,

national legal periodical *Bloomberg Law* published a syndicated dispatch entitled *"Fox News Draws Copyright, Libel Suit Over Jan. 6 Riot Footage"*, embedding hyperlinks directly to Plaintiff's Verified Complaint (ECF No. 1) and the civil docket (No. 2:26-cv-00852), while corroborating contemporaneous journalistic inquiry directed to Fox News Network (*"Fox News didn't immediately respond to a request for comment. The case is Sullivan v. Fox News Network, D. Utah, No. 2:26-cv-00852, 9/14/26."*) (**Exhibit 967**).

## Fox News Draws Copyright, Libel Suit Over Jan. 6 Riot Footage

Sept. 15, 2026, 1:14 PM MDT

Kyle Jahner
IP Reporter




Posters outside the Fox News headquarters in New York on Nov. 5, 2024.
Photographer: Sara Konradi/Bloomberg

A videographer claims Fox News Network used his footage of the Jan. 6, 2021, US Capitol riot without a license and falsely depicted him as an armed, violent agent provocateur for Antifa.

John Earle Sullivan, pardoned by President Donald Trump for his Jan. 6 criminal convictions, said Fox used his video of protesters storming the Capitol and the fatal shooting of Ashli Babbitt. Sullivan also alleged that despite being a journalist documenting the events, the outlet falsely portrayed him as an "Antifa leader" bent on instigating Trump supporters.

Sullivan, representing himself, filed his lawsuit Monday in the US District Court for the District of Utah. This lawsuit adds another step to the winding, high-profile legal journey for the Utah resident. The 32-year-old also awaits oral argument in his appeal to the US Court of Appeals for the D.C. Circuit as he tries to recover $62,800 seized by the government during his criminal case — proceeds from selling his footage to news networks.

**Documents**

- Complaint
- Docket

Search by **Topic**

- Policing Reform
- Sentencing
- Arrest
- Copyright Licensing
- Broadcast Programming
- Audiovisual Work Copyrights

*Exhibit 967 · September 15, 2026 Bloomberg Law Article Excerpt: Fox News Draws Copyright, Libel Suit Over Jan.*

Under controlling Supreme Court precedent:

> *"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."* -- *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)

Consequently, acute procedural asymmetry results: for over **37 days**, Defendants have possessed actual notice and the full averments of ECF No. 1, enabling unconstrained strategic alignment. Yet because DUCivR 3-2(c)(1) stays ministerial summons issuance pending judicial order, formal *in personam* jurisdiction has not attached, Defendants' 21-day answer period under Fed. R. Civ. P. 12(a)(1)(A)(i)[10] has not commenced, and Plaintiff remains barred under Fed. R. Civ. P. 26(d)(1)[11] from serving discovery or preservation subpoenas while volatile CDN logs, CMS metadata, Akamai records, and Fox Nation telemetry undergo automated cyclic rotation and permanent spoliation.

[10] Fed. R. Civ. P. 12(a)(1)(A)(i) (ADDENDUM G).
[11] Fed. R. Civ. P. 26(d)(1) (ADDENDUM G).

**PLAINTIFF UNDISPUTEDLY SATISFIES STATUTORY INDIGENCE UNDER 28 U.S.C. § 1915(A)(1) AND DUCIVR 3-2(A)(1)(A) AND ALL THREE SCREENING PRONGS OF 28 U.S.C. § 1915(E)(2)(B) AND DUCIVR 3-2(B)(1)**

**TURNKEY FINANCIAL INDIGENCE QUALIFICATION UNDER 28 U.S.C. § 1915(A)(1), DUCIVR 3-2(A)(1)(A), AND ADKINS V. E.I. DUPONT DE NEMOURS & CO.**

Plaintiff's verified application (ECF No. 2), sworn Form AO 240 schedule (ECF No. 2-1), and District of Utah IFP declaration (ECF No. 2-2), executed under penalty of perjury pursuant to 28 U.S.C. § 1746,[12] establish statutory indigence as a matter of law. Plaintiff is completely unemployed, possesses zero disposable income, holds zero cash or liquid depository assets, owns no real estate, vehicles, or negotiable securities, bears substantial outstanding liabilities, incurs recurring subsistence obligations, and survives exclusively through federal **SNAP / Food Stamps** and **Medicaid**, corroborated by Utah General Assistance verification (Exhibit 17 to ECF No. 2) and an unrevoked Utah Supreme Court appellate indigency waiver (Exhibit 16 to ECF No. 2). Implementing 28 U.S.C. § 1915(a)(1), DUCivR 3-2(a)(1)(A) sets forth the governing standard:

> *"(A) In Forma Pauperis Qualifications. The court may find a party indigent based on the information provided on the form motion or if a party's monthly income is equal to or below 200% of the United States poverty guideline as issued each year in the Federal Register by the Department of Health and Human Services for the 48 Contiguous States and the District of Columbia."* -- DUCivR 3-2(a)(1)(A)

[12] 28 U.S.C. § 1746 (ADDENDUM E).

Under *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)[13] (holding a litigant need not be destitute, but must establish that paying fees would deprive them of *"the necessities of life"*) and *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)[14] (confirming magistrate judge authority to resolve IFP motions), Plaintiff's verified income (0% of federal poverty guidelines) indisputably satisfies statutory indigence under 28 U.S.C. § 1915(a)(1) and DUCivR 3-2(a)(1)(A).

## TURNKEY SATISFACTION OF ALL THREE SCREENING PRONGS UNDER 28 U.S.C. § 1915(E)(2)(B)(I)-(III) AND DUCIVR 3-2(B)(1)(A)-(E)

Plaintiff's 117-page Verified Complaint (ECF No. 1 and its 44 evidentiary exhibits) and the Clerk's statutory Form AO 121 Copyright Notice (ECF No. 6, transmitted under 17 U.S.C. §§ 106, 411(a), 501, 508(a), and 1202(b))[15] conclusively satisfy every substantive screening criterion under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and DUCivR 3-2(b)(1)(A)-(E):

> *"[T]he court shall dismiss the case at any time if the court determines that- (A) the allegation of poverty is untrue; or (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." -- 28 U.S.C. § 1915(e)(2)*

---

[13] *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).
[14] *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).
[15] 17 U.S.C. §§ 106, 411(a), 501, 508(a), 1202(b) (ADDENDUM F).

First, subject-matter jurisdiction is unassailable under DUCivR 3-2(b)(1)(B) and 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), and 1367(a):[16] federal question and copyright jurisdiction anchors Counts I-II (§§ 1331, 1338(a)), supplemental jurisdiction embraces Counts III-VI (§ 1367(a)), and complete diversity of citizenship (§ 1332(a)(1)) exists between Plaintiff (Utah) and all twelve Defendants (Delaware, New York, Virginia, D.C., Florida, Maryland, Maine), with over $75,000.00 in controversy.

Second, ECF No. 1 articulates plausible, non-frivolous causes of action under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and DUCivR 3-2(b)(1)(C)-(D). Under *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989),[17] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992),[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007),[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),[20] and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991),[21] all six counts rest upon authenticated documentary exhibits: Count I (17 U.S.C. §§ 106, 411(a), 501) establishes valid title under Registration No. PA 2-585-152 (ECF No. 1-2; ECF No. 6), satisfying *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019),[22] and unlicensed broadcasts across Fox programming and *Fox Nation: Patriot Purge* bypassing Plaintiff's $35,000.00 licensing rate (ECF No. 1-7); Count II (17 U.S.C. § 1202(b)) pleads knowing removal of copyright management information (ECF Nos. 1-8-1-31); and Counts III-VI plead defamation *per se*, false light, tortious interference, and conspiracy substantiated by **Presidential Proclamation No. 10887** (ECF No. 1-3), **Pardon Certificate ID319255** (ECF No. 1-4), the D.C. Circuit's vacatur mandate in

[16] 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), 1367(a) (ADDENDUM E).
[17] *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).
[18] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[22] *Fourth Estate Public Benefit Corp. v., LLC*, 586 U.S. 296, 299 (2019).

***United States v. Sullivan*, No. 24-3051** (ECF No. 1-5), and dismissal with prejudice (ECF No. 1-6).

Third, under 28 U.S.C. § 1915(e)(2)(B)(iii) and DUCivR 3-2(b)(1)(E), all twelve Defendants are private corporate entities and individual media actors possessing zero judicial, prosecutorial, or sovereign immunity. Conforming to the sound practice of this District in *Arce-Arias v. Noem*, No. 2:25-cv-00938-JCB, ECF No. 9 at 1 (D. Utah Oct. 22, 2025),[23] this Court should grant ECF No. 2 and authorize immediate service of process.

**MANDATORY ISSUANCE AND USMS SERVICE OF PRE-LODGED SUMMONSES (ECF NO. 7), ELECTRONIC FILING ACCESS (ECF NO. 5), AND MANDATORY RULE 4(M) GOOD-CAUSE TOLLING**

**DISJUNCTIVE AUTHORITY UNDER DUCIVR 3-2(C)(2) AND BUCHHEIT V. GREEN TO ORDER IMMEDIATE SUMMONS ISSUANCE AND MANDATORY USMS SERVICE UNDER 28 U.S.C. § 1915(D) AND FED. R. CIV. P. 4(C)(3)**

Upon granting ECF No. 2, DUCivR 3-2(c)(2) authorizes immediate service in explicit disjunctive terms:

> *"After the motion is granted, or after the case has been screened and a decision has been made to proceed with service, the court will order..."* -- DUCivR 3-2(c)(2)

[23] *Arce-Arias v. Noem*, No. 2:25-cv-00938-JCB, ECF No. 9 at 1 (D. Utah Oct. 22, 2025).

This disjunctive structure directly harmonizes with controlling Tenth Circuit jurisprudence in *Buchheit v. Green*, 705 F.3d 1157, 1160-61 (10th Cir. 2012):[24]

> *"Though screening might be a good practice and more efficient, we find that nothing in this language requires an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status."* -- *Buchheit v. Green*, 705 F.3d at 1160-61

Once leave to proceed *in forma pauperis* is granted, 28 U.S.C. § 1915(d) establishes an unambiguous, non-discretionary statutory command:

> *"The officers of the court shall issue and serve all process, and perform all duties in such cases." -- 28 U.S.C. § 1915(d)*

Complementing this statutory directive, Fed. R. Civ. P. 4(c)(3) mandates court-ordered USMS service for indigent litigants:

> *"The court must so order if the plaintiff is authorized to proceed in forma pauperis..."* -- Fed. R. Civ. P. 4(c)(3)

Binding Tenth Circuit authority in *Olsen v. Mapes*, 333 F.3d 1199, 1204-05 & n.4 (10th Cir. 2003)[25] and companion federal and District of Utah orders in *Dominguez v. Radiologic P.L.*, No. 26-22405-CIV-D'ANGELO, ECF No. 26 at 1-2 (S.D. Fla. May 19, 2026),[26] *Labrecque v. Mabus*, No. 2:14-cv-00802-DB-PMW, ECF No. 88 at 2 (D. Utah

[24] *Buchheit v. Green*, 705 F.3d 1157, 1160-61 (10th Cir. 2012).
[25] *Olsen v. Mapes*, 333 F.3d 1199, 1204-05 & n.4 (10th Cir. 2003).
[26] *Dominguez v. Radiologic P.L.*, No. 26-22405-CIV-D'ANGELO, ECF No. 26 at 1-2 (S.D. Fla. May 19, 2026).

Jan. 26, 2017),[27] *Drockton v. Rain International, LLC*, No. 2:20-cv-00148-DBB-JCB, ECF No. 9 at 1-2 (D. Utah June 17, 2020),[28] and *Seppich v. TEC Management Consultants, Inc.*, No. 2:21-cv-00350-JNP-DBP, ECF No. 26 at 1-2 (D. Utah May 9, 2022)[29] confirm that USMS execution of process is mandatory upon § 1915 authorization. Concurrently with ECF No. 4, Plaintiff pre-lodged at ECF No. 7 all twelve (12) completed Form AO 440 Summonses (comprising the ECF No. 7 main document and Attachments #1-#11) and twelve (12) Form USM-285 Process Receipts (Attachments #12-#23)-constituting exactly twenty-four (24) pre-lodged service instruments (12 summonses + 12 USM-285s = 24 instruments) with verified coordinates-readily distinguishing *Silver v. Fairbank*, No. 2:22-cv-00490-DAK-CMR, ECF No. 8 at 1-2 (D. Utah Aug. 2, 2022)[30] (defective complaint) and *Biers v. Dentons US LLP*, No. 2:22-cv-00298-HCN-CMR, ECF No. 19 at 2-3 (D. Utah Oct. 19, 2022)[31] (fee-paid non-IFP plaintiff).

**GOOD CAUSE FOR EXPEDITED RELIEF UNDER FED. R. CIV. P. 1, 26(D)(1), AND 37(E) AND AUTHORIZATION OF CM/ECF ELECTRONIC FILING (ECF NO. 5)**

Good cause compels expedited relief under Fed. R. Civ. P. 1:

> *"They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."* -- Fed. R. Civ. P. 1

[27] *Labrecque v. Mabus*, No. 2:14-cv-00802-DB-PMW, ECF No. 88 at 2 (D. Utah Jan. 26, 2017).
[28] *Drockton v. Rain International, LLC*, No. 2:20-cv-00148-DBB-JCB, ECF No. 9 at 1-2 (D. Utah June 17, 2020).
[29] *Seppich v. TEC Management Consultants, Inc.*, No. 2:21-cv-00350-JNP-DBP, ECF No. 26 at 1-2 (D. Utah May 9, 2022).
[30] *Silver v. Fairbank*, No. 2:22-cv-00490-DAK-CMR, ECF No. 8 at 1-2 (D. Utah Aug. 2, 2022).
[31] *Biers v. Dentons US LLP*, No. 2:22-cv-00298-HCN-CMR, ECF No. 19 at 2-3 (D. Utah Oct. 19, 2022).

As established in *Hernandez v. Kolkman*, No. 2:24-cv-00757-RJS-CMR, ECF No. 100 at 1 (D. Utah Dec. 9, 2025),[32] *United States v. Southern Utah Drag Stars, LLC*, No. 4:23-cv-00044-DN-PK, ECF No. 25 at 1 (D. Utah June 8, 2023),[33] and *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990),[34] expedited disposition is mandatory where prolonged stasis inflicts concrete prejudice and risks spoliation of volatile electronic evidence under Fed. R. Civ. P. 37(e).[35] Having satisfied Fed. R. Civ. P. 5(d)(3)(B)(i) and DUCivR 5-1(b)(2) through ECF Nos. 3 and 5, Plaintiff also requests immediate CM/ECF electronic filing authorization.

**MANDATORY NUNC PRO TUNC TOLLING AND EXTENSION OF THE FED. R. CIV. P. 4(M) SERVICE PERIOD**

Finally, Fed. R. Civ. P. 4(m) mandates an extension of the service period upon a showing of good cause:

> *"But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."* -- Fed. R. Civ. P. 4(m)

---

[32] *Hernandez v. Kolkman*, No. 2:24-cv-00757-RJS-CMR, ECF No. 100 at 1 (D. Utah Dec. 9, 2025).
[33] *United States v. Southern Utah Drag Stars, LLC*, No. 4:23-cv-00044-DN-PK, ECF No. 25 at 1 (D. Utah June 8, 2023).
[34] *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).
[35] Fed. R. Civ. P. 37(e) (ADDENDUM G).

In *McFarlin v. Box Elder County*, No. 1:18-cv-00105-DAK-CMR, ECF No. 46 at 1-2 (D. Utah Apr. 10, 2020),[36] Chief Magistrate Judge Romero applied *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)[37] to grant summons issuance and extend the Fed. R. Civ. P. 4(m) period:

> *"'If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.' Id. 52 F.3d at 841."* -- *McFarlin v. Box Elder County*, ECF No. 46 at 1

Under *Olsen v. Mapes*, 333 F.3d at 1204-05 & n.4 (10th Cir. 2003), and *Atherton v. Salt Lake City Library*, No. 2:19-cv-00452-CW-DBP, ECF No. 50 at 3 (D. Utah Oct. 24, 2022)[38] (*report and recommendation adopted*, ECF No. 53 at 5-6), an IFP plaintiff bears zero culpability for administrative or Marshals Service delays:

> *"The court should not penalize a plaintiff proceeding in forma pauperis with dismissal of her case 'when service fails because the Marshal or clerk's office does not perform the duties specified by the rule and statute'..."* -- *Atherton v. Salt Lake City Library*, ECF No. 50 at 3

Because DUCivR 3-2(c)(1) precluded the Clerk from issuing ECF No. 7 for 38 days without fault by Plaintiff, mandatory good cause requires tolling Fed. R. Civ. P. 4(m) *nunc pro tunc* from September 14, 2026 through summons issuance and resetting a full 90-day USMS service period.

[36] *McFarlin v. Box Elder County*, No. 1:18-cv-00105-DAK-CMR, ECF No. 46 at 1-2 (D. Utah Apr. 10, 2020).
[37] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).
[38] *Atherton v. Salt Lake City Library*, No. 2:19-cv-00452-CW-DBP, ECF No. 50 at 3 (D. Utah Oct. 24, 2022).

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Earle Sullivan respectfully prays that this Court enter an Order: (1) granting this Emergency Motion and Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) under 28 U.S.C. § 1915(a)(1) and DUCivR 3-2(a)(1)(A); (2) declaring that ECF No. 1 satisfies screening under 28 U.S.C. § 1915(e)(2)(B) and DUCivR 3-2(b)(1); (3) granting Plaintiff's Motion for Service of Process (ECF No. 4) under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3); (4) directing the Clerk to sign, seal, and issue the twelve (12) pre-lodged Form AO 440 Summonses (comprising ECF No. 7 main document and Attachments #1-#11) and transmit them together with the twelve (12) Form USM-285 Process Receipts (Attachments #12-#23)-totaling twenty-four (24) pre-lodged service instruments (12 summonses + 12 USM-285s = 24 instruments)-along with ECF No. 1 and the Order to the USMS for immediate service upon all twelve (12) Defendants; (5) granting Plaintiff's Motion for CM/ECF Registration (ECF No. 5) under Fed. R. Civ. P. 5(d)(3)(B)(i) and DUCivR 5-1(b)(2); and (6) tolling Fed. R. Civ. P. 4(m) *nunc pro tunc* through summons issuance and resetting a full 90-day USMS service period.

DATED this 22nd day of October, 2026.

Respectfully submitted,

John Earle Sullivan

**John Earle Sullivan**

Plaintiff Pro Se

**CERTIFICATE OF COMPLIANCE WITH DUCIVR 7-1(A)(4)(D)**

Pursuant to DUCivR 7-1(a)(4)(D)(i) and DUCivR 7-1(a)(6)(A)-(C), Plaintiff John Earle Sullivan hereby certifies that the substantive body of this Motion and Memorandum in Support (including all headings, citations, quotations, and footnotes, and excluding the case caption, face sheet, table of contents, table of authorities, signature blocks, verification, certificate of compliance, certificate of service, statutory addendum, and exhibits pursuant to DUCivR 7-1(a)(6)(B)) contains 3,066 words and complies with the 3,100-word limit prescribed by DUCivR 7-1(a)(4)(D)(i).

DATED this 22nd day of October, 2026.

**John Earle Sullivan**

Plaintiff Pro Se

**VERIFICATION UNDER 28 U.S.C. § 1746**

Pursuant to 28 U.S.C. § 1746(2) and Fed. R. Civ. P. 11(b),[39] Plaintiff John Earle Sullivan declares, certifies, verifies, and states under penalty of perjury under the laws of the United States of America that the factual statements, procedural timelines, financial disclosures, and documentary exhibits set forth and referenced in the foregoing Emergency Motion are true, accurate, and correct to the best of Plaintiff's personal knowledge, information, and belief, and that this Emergency Motion is submitted in good faith and not for any improper purpose, harassment, or unnecessary delay.

Signed on the 22nd day of October, 2026, at Erda, Utah.

John Earle Sullivan

**John Earle Sullivan**

Plaintiff Pro Se

[39] Fed. R. Civ. P. 11(b) (ADDENDUM G).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 22nd day of October, 2026, a true and correct copy of the foregoing *Plaintiff's Emergency Motion to Expedite Threshold Rulings (ECF Nos. 2, 4, and 5), Direct Immediate Issuance and United States Marshals Service Execution of Pre-Lodged Summonses (ECF No. 7), and Toll Rule 4(m) Service Period Nunc Pro Tunc* and its accompanying Proposed Order were submitted for electronic filing with the Clerk of the Court for the United States District Court for the District of Utah via electronic mail to utdecf_clerk@utd.uscourts.gov pursuant to DUCivR 5-1(b)(2) and ECF No. 3.

Because the twelve (12) pre-lodged Form AO 440 Summonses and twelve (12) Form USM-285 Process Receipts docketed at ECF No. 7 (Attachments #1-#23) await judicial screening clearance and formal issuance under DUCivR 3-2(c)(1), 28 U.S.C. § 1915(d), and Fed. R. Civ. P. 4(c)(3) (*"Summons - Service by a Marshal or Someone Specially Appointed"*), no Defendant has yet been formally served with original process or entered an appearance on the Court's CM/ECF system. Formal personal service of process upon all twelve (12) Named Defendants will be executed by the United States Marshals Service upon the Court's entry of an order granting ECF Nos. 2 and 4 and directing summons issuance. The service recipients designated for USMS execution are listed below:

**SERVICE RECIPIENTS:**

Fox News Network, LLC - Corporate Defendant
1211 Avenue of the Americas, New York, NY 10036
Tel: (212) 301-3000 | Email: katherine.meeks@foxnews.com

Fox Corporation - Corporate Defendant
1211 Avenue of the Americas, New York, NY 10036
Tel: (212) 852-7000 | Email: foxnewslegal@fox.com

Porter Berry - President & Editor-in-Chief, Fox News Digital
30 E 62nd St #8F, New York, NY 10065
Tel: (310) 386-7300 | Email: porter.berry@fox.com

Shannon Bream - Anchor & Host, Fox News Sunday
2824 N Beechwood Cir, Arlington, VA 22207-5226
Email: sbream@fox.com

Kevin Corke - White House & National Correspondent
Fox News Washington Bureau, 400 North Capitol St NW, Suite 890, Washington, DC 20001
Email: corke.kevin@fox.com

Sean Hannity - Host, Hannity
9 Sloans Curve Dr, Palm Beach, FL 33480
Tel: (256) 233-7539 | Email: sean.hannity@foxnews.com

Tucker Carlson - Host & Media Producer
140 Gulf Blvd, Boca Grande, FL 33921
Email: tucker.carlson@foxnews.com

Laura Ingraham - Host, The Ingraham Angle
7475 Wisconsin Ave Ste 600, Bethesda, MD 20814
Email: lauraingraham@foxnews.com

John Roberts - Senior National News Anchor & Co-Anchor
Fox News Washington Bureau, 400 North Capitol St NW, Suite 890, Washington, DC 20001
Email: robertsj@foxnews.com

Yael Halon - Reporter & Associate Editor, Fox News Digital
2713 Ave N, Brooklyn, NY 11210
Tel: (347) 628-4434 | Email: yael.halon@fox.com

Danielle Wallace - Senior Reporter, Fox News Digital
1211 Avenue of the Americas, New York, NY 10036
Email: danielle.wallace@fox.com

Michael Ruiz - Senior U.S. and World Reporter, Fox News Digital
1211 Avenue of the Americas, New York, NY 10036
Email: michael.ruiz@fox.com

DATED this 22nd day of October, 2026.

John Earle Sullivan

**John Earle Sullivan**

Plaintiff Pro Se

# ADDENDUMS

---

## ADDENDUM A

**District of Utah Local Civil Rule 7-3 - Request to Submit for Decision (DUCivR 7-3(a)-(b))**

*DUCivR 7-3(a)-(b) - Request to Submit for Decision*

*DUCivR 7-3 REQUEST TO SUBMIT FOR DECISION*

*Not Required.*

*A request to submit a motion for decision is not required.*

*If a Request Is Filed.*

*If a party files a request, it must state:*

*(1) the date the motion was filed;*

*(2) the date the response, if any, was filed;*

*(3) the date the reply, if any, was filed; and*

*(4) whether a hearing has been requested.*

---

## ADDENDUM B

**District of Utah Local Civil Rule 7-1 - Motions, Deadlines, and Word Limits (DUCivR 7-1(a)(1), (a)(4)(D), (a)(6))**

*DUCivR 7-1(a)(1), (a)(4)(D), (a)(6) - Motions, Responses, Replies, and Word Limits*

*(D) All Other Motions.*

*(i) A motion, response, or reply not specified above may not exceed 10 pages or 3,100 words.*

*(ii) A response to a motion must be filed within 14 days after service of the motion.*

*(iii) A reply may be filed within 14 days after service of the response.*

*(5) Stipulation to Extend Filing Time. Parties seeking to extend the filing time for a response or reply must file a stipulated motion before the filing time has passed. A stipulation to extend a filing time is ineffective without a court order.*

*(6) Sections Applicable to Page or Word Limits and Certification Requirement.*

*(A) All headings, citations, quotations, and footnotes count toward the page or word limit.*

*(B) The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.*

---

## ADDENDUM C

**District of Utah Local Civil Rules - Actions Proceeding In Forma Pauperis and Electronic Filing (DUCivR 3-2, 5-1)**

*DUCivR 3-2(a)-(c) & DUCivR 5-1(a)-(b)(2) - Actions Proceeding In Forma Pauperis and Electronic Filing*

*(1) The clerk will not issue a summons to an unrepresented party until directed to do so by the court.*

*(2) After the motion is granted, or after the case has been screened and a decision has been made to proceed with service, the court will order:*

*(A) Regarding a non-incarcerated party's action:*

*(i) the plaintiff to complete and return to the Clerk's Office a summons and a Service of Process form (both available from the Clerk's Office and on the court's website) for each defendant;*

*(ii) the clerk to issue the summons when the forms are returned; and*

*(iii) the United States Marshal to serve on each defendant the completed summons, the complaint, and a copy of the order; or*

*(iv) if the plaintiff fails to submit the forms as directed, the action may be dismissed.*

---

## ADDENDUM D

**Title 28, United States Code, Section 1915 - Proceedings In Forma Pauperis (28 U.S.C. § 1915(a)(1), (d), (e)(2)(B))**

*28 U.S.C. § 1915(a)(1), (d), (e)(2)(B) - Proceedings In Forma Pauperis*

*(d) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.*

*(e)(1) The court may request an attorney to represent any person unable to afford counsel.*

*(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-*

*(A) the allegation of poverty is untrue; or*

*(B) the action or appeal-*

*(i) is frivolous or malicious;*

*(ii) fails to state a claim on which relief may be granted; or*

*(iii) seeks monetary relief against a defendant who is immune from such relief.*

---

## ADDENDUM E

**Title 28, United States Code - Magistrate Judge Referral, Jurisdiction, and Unsworn Declarations (28 U.S.C. §§ 636(b)(1), 1331, 1332(a)(1), 1338(a), 1367(a), 1746)**

*28 U.S.C. §§ 636(b)(1)(A)-(B), 1331, 1332(a)(1), 1338(a), 1367(a), 1746 - Magistrate Judge Referral, Jurisdiction, and Unsworn Declarations Under Penalty of Perjury*

*(b)(1) Notwithstanding any provision of law to the contrary-*

*(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.*

---

## ADDENDUM F

**Title 17, United States Code, Section 106 - Exclusive Rights in Copyrighted Works (17 U.S.C. § 106)**

*17 U.S.C. § 106 - Exclusive Rights in Copyrighted Works*

*Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:*

*(1) to reproduce the copyrighted work in copies or phonorecords;*

*(2) to prepare derivative works based upon the copyrighted work;*

*(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;*

*(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;*

*(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and*

*(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.*

---

## ADDENDUM G

**Federal Rules of Civil Procedure, Rule 1 - Scope and Purpose (Fed. R. Civ. P. 1)**

*Fed. R. Civ. P. 1 - Scope and Purpose*

*These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.*

# INDEX OF APPENDED ENCLOSURES

| IDENTIFIER | EVIDENTIARY DESCRIPTION & CONTEXT |
|---|---|
| **EXHIBIT-967** | Full - page visual capture and certified documentary record of the September 15, 2026 Bloomberg Law article by IP Reporter Kyle Jahner titled 'Fox News Draws Copyright, Libel Suit Over Jan. 6 Riot Footage,' reporting on Sullivan v. Fox News Network, D. Utah, No. 2:26 - cv - 00852, filed September 14, 2026, and confirming that Bloomberg Law contacted Fox News for comment ('Fox News didn't immediately respond to a request for comment'), establishing Defendants' actual notice of the lawsuit within 24 hours of filing. |

# EXHIBIT 967

*BLOOMBERG LAW ARTICLE: FOX NEWS DRAWS COPYRIGHT, LIBEL SUIT OVER JAN. 6 RIOT FOOTAGE (SEPT. 15, 2026)*

# Fox News Draws Copyright, Libel Suit Over Jan. 6 Riot Footage

Sept. 15, 2026, 1:14 PM MDT

Kyle Jahner
IP Reporter




Posters outside the Fox News headquarters in New York on Nov. 5, 2024.
Photographer: Sara Konradi/Bloomberg

A videographer claims Fox News Network used his footage of the Jan. 6, 2021, US Capitol riot without a license and falsely depicted him as an armed, violent agent provocateur for Antifa.

John Earle Sullivan, pardoned by President Donald Trump for his Jan. 6 criminal convictions, said Fox used his video of protesters storming the Capitol and the fatal shooting of Ashli Babbitt. Sullivan also alleged that despite being a journalist documenting the events, the outlet falsely portrayed him as an "Antifa leader" bent on instigating Trump supporters.

Sullivan, representing himself, filed his lawsuit Monday in the US District Court for the District of Utah. This lawsuit adds another step to the winding, high-profile legal journey for the Utah resident. The 32-year-old also awaits oral argument in his appeal to the US Court of Appeals for the D.C. Circuit as he tries to recover $62,800 seized by the government during his criminal case — proceeds from selling his footage to news networks.

Sullivan's filing, 117 pages including 44 exhibits, said he was at the Capitol "solely in his professional capacity as an independent video journalist." He said NBC and CNN each paid $35,000 for limited broadcast rights in parts of his footage of "immense historical, commercial, and journalistic value."

A Jan. 13, 2021, Rolling Stone article quoted Sullivan, who goes by Jayden X, as saying he runs a civil rights organization that protests police brutality. Sullivan, who is Black, was arrested in 2020 for his role in organizing a counterprotest against a pro-police rally in Provo, Utah. Authorities alleged he blocked traffic and was captured in video threatening a woman in an SUV and kicking her door.

His tactics have generated substantial criticism and disavowals among Black Lives Matters activist circles who have speculated he's either naive, clout-chasing, or an agent provocateur.

The day after that article, he was arrested and charged by the federal government for his Jan. 6 actions and eventually sentenced to six years in prison. He was pardoned along with most convicted Capitol protesters on Jan. 20, 2025, the first day of Trump's second term — mooting his pending appeal.

Sullivan said Fox's own reporting showed he had no ties to Antifa, yet it continued to broadcast and publish digital stories that he was a violent "Antifa leader" and an armed "left-wing instigator." It pushed a narrative that his actions were a "false flag" operation to orchestrate violence and discredit Trump supporters, he said.

In addition to Fox, the nine-count compliant also names various Fox reporters and editorial executives. Co-defendant Laura Ingraham's broadcasts, for example, pushed the false conspiracy theory to millions and lead to "violent threats" and "reputational ruin," Sullivan said.

Fox News didn't immediately respond to a request for comment.

The case is Sullivan v. Fox News Network, D. Utah, No. 2:26-cv-00852, 9/14/26.

Documents
- Complaint
- Docket

Search by Topic
- Policing Reform
- Sentencing
- Arrest
- Copyright Licensing
- Broadcast Programming
- Audiovisual Work Copyrights
- Defamation

**See Breaking News in Context**

Bloomberg Law provides trusted coverage of current events enhanced with legal analysis.

Learn more

**Already a subscriber?**

Log in to keep reading or access research tools and resources.

Log In

## More from Bloomberg Law

Most Read Stories in White Collar & Criminal


**Patel Declines to Rule Out FBI Agents at Polls on Election Day**
FBI Director Kash Patel declined to rule out sending agents to polling places on Election Day, telling senators he wasn't certain the bureau is legally barred from doing so.

**Sheriff of 'Y'all Street' Beefs Up as Finance Heads to Texas (2)**
As financial firms move operations south, the top federal attorney in Dallas wants Texas to become a center for white-collar prosecutions.

**Huawei's Sweeping US Criminal Trial Kicks Off in Brooklyn (1)**
Huawei Technologies Co.is finally on trial in New York in a criminal case brought during the first Trump administration that's among the most ambitious prosecutions the US government has ever pursued against a Chinese company.

Latest Stories in White Collar & Criminal


**Covington Revives Bipartisan Leadership With Ex-Trump Adviser**
Covington & Burling's recruitment of an ex-adviser to President Donald Trump restores bipartisan balance in the leadership of a DC-based practice that counsels clients navigating government bodies.


**DOJ Defends Comey, James Indictments at Appellate Argument (1)**
An appellate panel grilled attorneys on both sides during oral argument Tuesday in the Justice Department's bid to revive criminal charges against New York Attorney General Letitia James and former FBI Director James Comey.


**Attorney General Blanche Opposes AI 'Regulation by Prosecution'**
US Attorney General Todd Blanche says he prefers a restrained approach to taking enforcement action against artificial intelligence companies and executives amid a rising debate over the risks of the cutting-edge technology.

Browse More Stories in White Collar & Criminal



© 2026 Bloomberg Industry Group, Inc. All Rights Reserved